Brian M. Rothschild (UT Bar No. 252573)
**PARSONS BEHLE & LATIMER**
201 S. Main St. Suite 1800
Salt Lake City, UT 84111
Telephone: (801) 532-1234
Fax : (801) 536-6111
Email: brothschild@parsonsbehle.com

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin (*pro hac vice forthcoming)*
Michael Papandrea (*pro hac vice forthcoming*)
Carolyn Gauvin (*pro hac vice forthcoming*)
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
Email: metkin@lowenstein.com
Email: mpapandrea@lowenstein.com
Email: cgauvin@lowenstein.com
-and-
Bruce S. Nathan  (*pro hac vice forthcoming*)
Daniel B. Besikof (*pro hac vice forthcoming*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 262-6700
E-mail: bnathan@lowenstein.com
E-mail: dbesikof@lowenstein.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br>VOBEV, LLC, a Utah limited liability company,<br><br>　　　　　　　　　Debtor-in-Possession. | Chapter 11<br><br>Case No. 24-bk-26346-JTM<br><br>Honorable Joel T. Marker<br><br>**[Filed Electronically]** |

# APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF LOWENSTEIN SANDLER LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF DECEMBER 23, 2024

The Official Committee of Unsecured Creditors (the "Committee") appointed in the bankruptcy case of the above-captioned debtor (the "Debtor"), hereby submits this application (the "Application")[1], pursuant to sections 328 and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Utah (the "Local Rules"), and consistent with the *Guidelines For Reviewing Applications for Compensation and Reimbursement of Expenses filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines") issued by the Executive Office of the United States Trustee (the "EOUST"), for the entry of an order authorizing and approving the employment and retention of Lowenstein Sandler LLP ("Lowenstein Sandler") as lead counsel for the Committee, effective as of December 23, 2024, and respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* dated February 29, 2012 (Sleet, C.J.). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] In support of this Application, the Committee will subsequently submit its *Declaration of Michael S. Etkin, Esq. in Support of Application of the Official Committee of Unsecured Creditors for an Order Authorizing and Approving the Employment and Retention of Lowenstein Sandler LLP as Counsel, Effective as of December 23, 2024* (the "Etkin Declaration"), a partner of Lowenstein Sandler, and the *Declaration of David Mammolenti in Support of Application of the Official Committee of Unsecured Creditors for an Order Authorizing and Approving the Employment and Retention of Lowenstein Sandler LLP as Counsel, Effective as of December 23, 2024* (the "Chairman Declaration").

2. The statutory predicates for the relief sought herein are sections 328(a) and 1103 of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local Rules.

## BACKGROUND

3. On December 9, 2024 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Utah, Central Division (the "Court") commencing this case (the "Chapter 11 Case"). No trustee or examiner has been appointed in the Chapter 11 Case.

4. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to manage its properties and operate its businesses as a debtor in possession.

5. On December 19, 2024, the Office of the United States Trustee appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code. [D.I. 105]. The Committee is comprised of five members: (i) Alden Group Environmental Solutions, LLC; (ii) Belvac Production Machinery, Inc.; (iii) GSL Electric; (iv) Les Olson Company; and (v) Woodbolt Distribution, LLC: Nutrabolt. On December 23, 2024, the Committee selected Lowenstein Sandler to serve as its counsel. The Committee subsequently selected Parsons Behle & Latimer ("Parsons Behle") to serve as its co-counsel and Alvarez & Marsal ("A&M") to serve as its financial advisor in the Chapter 11 Case.

6. Information regarding the Debtor's history, business operations, capital structure, secured indebtedness, and the events leading up to the commencement of the Chapter 11 Case can be found in the *Declaration of Alan Boyko, Chief Transformation Officer Of The Debtor, In Support Of Debtor's Chapter 11 Petition And First Day Motions* [D.I. 23].

**RELIEF REQUESTED**

7. By this Application, the Committee respectfully requests the entry of an order authorizing and approving the employment and retention of Lowenstein Sandler as its counsel to perform legal services relating to the Chapter 11 Case, effective as of December 23, 2024.

8. The Committee believes that it is necessary to employ attorneys to render the professional services described herein, and that without such professional assistance, neither the Committee's evaluation of the operations of the Debtor nor its meaningful participation in the negotiation, promulgation, and evaluation of any sale of assets or plan of reorganization would be possible.

9. Pursuant to section 1103(b) of the Bankruptcy Code, an attorney employed to represent an official committee may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. Lowenstein Sandler has advised the Committee that Lowenstein Sandler does not hold or represent any other entity having an adverse interest in connection with the Chapter 11 Case, and does not have any connections with the Bankruptcy Judge presiding over the Chapter 11 Case, the United States Trustee for Region 10 or any person employed by the Office of the United States Trustee, except as to be set forth in the Etkin Declaration, which sets forth Lowenstein Sandler's connections with the Debtor, its creditors, and other parties-in-interest in the Chapter 11 Case.

10. The Committee selected Lowenstein Sandler because of its attorneys' experience and knowledge in bankruptcy matters. The Committee believes that Lowenstein Sandler is well qualified to represent the Committee in the Chapter 11 Case. Lowenstein Sandler has represented official committees of unsecured creditors in numerous chapter 11 cases in multiple Districts, including, without limitation: *In re: H-Food Holdings, LLC, Case No. 24-90586 (ARP) (Bankr.*

*S.D. Tx., November 22, 2024); In re: DRF Logistics, LLC, Case No. 24-90447 (CML) (Bankr. S.D. Tx, August 8, 2024); In re: Nevada Copper, Inc., Case No. 24-50566 (HLB) (Bankr. D. NV, June 10, 2024); In re: Franciscan Friars of California, Inc., Case No. 23-41723 (WJL) (Bankr. N.D. Ca, December 31, 2023); In re: Proterra, Inc., et al., Case No. 23-11120 (BLS) (Bankr D. Del., August 7, 2023); In re: Williams Industrial Services Group, Inc. et al. Case No. 23-10961 (BLS) (Bankr. D. Del. July 22, 2023); In re: Benefytt Technologies, Inc., Case No. 23-90566 (CML) (Bankr. S.D.Tx, May 23, 2023); In re: The Roman Catholic Bishop of Oakland, Case No. 23-40523 (WJL) (Bankr. N.D. Ca , May 8, 2023); In re: Tuesday Morning Corporation, Case No. 23-90001 (ELM) (Bankr. S.D.Tx, February 14, 2023); In re: Lucira Health, Inc. Case No. 23-10242 (MFW) (Bankr. D. Del. Feb. 22, 2023); In re: Vital Pharmaceuticals, Inc., Case No. 22-17842 (PDR) (Bankr. S.D. Fl., October 10, 2022); In re: Gold Standard Baking, Case No. 22-10559 (JKS) (Bankr. D. Del. June 22, 2022); In re: Avadim Health, Inc., Case No. 21-10883 (CTG) (Bankr D. Del. May 31, 2021); In re: Knotel, Inc., Case No. 21-10146 (MFW) (Bankr. D. Del. Jan. 31, 2021); In re Cortlandt Liquidating LLC (f/k/a Century 21 Department Stores LLC), Case No. 20-12097 (MEW) (Bankr. S.D.N.Y. Sept. 10, 2020); In re: Arandell Holdings, Inc., Case No. 20-11941 (JTD) (Bankr. D. Del Aug. 13, 2020); In re: GNC Holdings, Inc., Case No. 20-11662 (KJC) (Bankr. D. Del; June 23, 2020); In re: Maines Paper & Food Service, Inc., Case No. 20-11502 (KBO); (Bankr. D. Del. June 10, 2020); In re: Exide Holdings, Inc., Case No. 20-11157 (CSS) (Bankr. D. Del. May 19, 2020); In re: Hygea Holdings Corp., Case No. 20-10361 (KBO) (Bankr. D. Del. Feb. 19, 2020); In re: Yueting Jia, Case No. 19-24804 (VZ) (Bankr. C.D. Ca., October 14, 2019); In re: NORPAC Foods, Inc., Case No. 19-62584 (PM) (Bankr. D. Or., August 22, 2019); In re: Zacky Farms, LLC, Case No. 12-37961 (TCH) (Bankr. N.D. Ca, Oct. 9, 2012)..*

11. The professional services that Lowenstein Sandler will provide to the Committee include, but are not limited to:

    (a) providing legal advice with respect to the Committee's rights, powers, and duties in this case;

    (b) preparation on behalf of the Committee of necessary applications, motions,objections, memoranda, orders, reports, and other legal papers;

    (c) appearances in Court, in litigation as a party in interest, and at statutory meetings of creditors to represent the interests of the Committee;

    (d) the negotiation and evaluation of the Debtor's financing, and any other potential financing alternatives;

    (e) the negotiation of a potential plan or plans of reorganization or liquidation and matters related thereto;

    (f) assisting the Committee in analyzing the claims of the Debtor's creditors and the Debtor's capital structure and in negotiating with holders of claims and equity interests;

    (g) assisting the Committee with its investigation of the acts, conduct, assets, liabilities and financial condition of the Debtor (and, to the extent applicable, the Debtor's officers, directors and shareholders) and of the operation of the Debtor's business;

    (h) the negotiation and formulation of the proposed sale of the Debtor's assets, including pursuant to section 363 of the Bankruptcy Code;

    (i) communications with the Committee's constituents in furtherance of its responsibilities, including, but not limited to, communications required under 11 U.S.C; and

    (j) assisting with the Committee's performance of its duties and powers under the Bankruptcy Code and the Bankruptcy Rules and such other services as are in the interests of those represented by the Committee.

12. Subject to the Court's approval, and pursuant to sections 328, 330, and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the rules and other procedures which this Court may fix, the Committee requests that Lowenstein Sandler be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses that Lowenstein Sandler incurs, in

accordance with Lowenstein Sandler's ordinary and customary rates in effect on the date such services are rendered and such expenses are incurred.

13. Lowenstein Sandler's hourly rates, effective January 1, 2025, are as follows:

| Classification/Experience | Hourly Rate[2] |
|---|---|
| Partners of the Firm | $775 - $2,175 |
| Of Counsel | $890 - $1,575 |
| Senior Counsel (generally twelve or more years of experience) | $675 - $1,595 |
| Counsel (generally seven or more years of experience) | $675 - $1,290 |
| Associates (generally fewer than seven years of experience) | $550 - $1,150 |
| Patent Attorneys | $325 - $825 |
| Staff Attorneys | $495 - $795 |
| Paralegals, Practice Support and Assistants | $225 - $505 |

14. The Lowenstein Sandler attorneys that are primarily responsible for this Chapter 11 Case, and their 2025 rates are as follows: (i) Michael S. Etkin, $1,625; (ii) Bruce S. Nathan, $1,515; (iii) Daniel B. Besikof, $1,250; (iv) Michael S. Papandrea, $1,075; and (v) Carolyn M. Gauvin, $660.

15. Following discussions between Lowenstein Sandler and the Committee, Lowenstein Sandler has agreed to discount its rates by ten percent (10%). Lowenstein Sandler will seek reimbursement of all out-of-pocket disbursements and expenses in accordance with section 330 of the Bankruptcy Code.

16. The hourly charges set forth above are based upon the experience and expertise of the attorney or legal assistant involved. The hourly rates set forth above are subject to periodic adjustments, which occur annually on or about January 1 each year, to reflect economic and

---

[2] The rates listed herein are effective as of January 1, 2025. Lowenstein's 2024 rates are equal to or less than its 2025 rates.

other conditions. Lowenstein Sandler will advise the Debtor, the Committee and the United States Trustee for the District of Utah (the "U.S. Trustee") of any increases in its hourly rates. Pursuant to Bankruptcy Rule 2014(a)(3), Lowenstein Sandler will file and serve a supplemental declaration setting forth any additional material information relating to its employment promptly after learning of any such material information.

17. Lowenstein Sandler will maintain detailed and contemporaneous records of time and any necessary costs and expenses incurred in connection with rendering the legal services described above. It is Lowenstein Sandler's policy to charge its clients in all areas of practice for all disbursements and expenses incurred in the rendition of services. These disbursements and expenses include, among other things, costs for telephone and facsimile charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings (including transcripts).

18. The Committee understands that any compensation and expenses paid to Lowenstein Sandler must be approved by the Court upon application consistent with the Bankruptcy Code, applicable Federal Rules of Bankruptcy Procedure, the Local Rules, the U.S. Trustee Guidelines, and any orders of the Court respecting compensation of professionals.

19. To the best of the Committee's knowledge, while Lowenstein Sandler may represent certain creditors of the Debtor on wholly unrelated matters, it does not represent any entity having an adverse interest in connection with the Chapter 11 Case, is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, and does not represent or hold any interest adverse to the interests of the Debtor's estate with respect to the matters for which it is to be employed.

20. By separate application, the Committee is also seeking approval to employ Parsons Behle to serve as its Utah counsel and A&M to serve as the Committee's financial advisor in the Chapter 11 Case.

21. The Committee believes that if the Court approves the employment of Lowenstein Sandler and Parsons Behle, these firms will allocate their delivery of services to the Committee so as to avoid any unnecessary duplication of services. Moreover, the Committee believes that the efficient allocation of responsibility for legal matters in the Chapter 11 Case between Lowenstein Sandler and Parsons Behle will reduce the cost of monitoring these proceedings, as well as the time and expense associated with travel by Lowenstein Sandler with respect to matters that can be handled by Utah counsel. It is the carefully considered view of the Committee that, considering the size and complexity of the Chapter 11 Case and the various interests involved, representation of the Committee by Lowenstein Sandler and Parsons Behle is necessary and in the best interests of the Committee.

## **STATEMENT REGARDING THE U.S. TRUSTEE GUIDELINES**

22. In accordance with the U.S. Trustee Guidelines, Lowenstein Sandler shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. Lowenstein Sandler also intends to make every effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with this Application and the interim and final applications to be filed by Lowenstein Sandler in the Chapter 11 Case.[3]

---

[3] By their terms, the U.S. Trustee Guidelines "apply to the USTP's review of applications for compensation filed by attorneys in larger chapter 11 cases," and are intended as an update to the original Guidelines (the "Appendix A Guidelines") adopted by the EOUST in 1996. The Appendix A Guidelines have been a part of this Court's local procedures for years. In other chapter 11 cases where it has been retained, Lowenstein Sandler has filed its fee applications in compliance with the Appendix A

23. The following is provided in response to the request for additional information contained in paragraph D.1. of the U.S. Trustee Guidelines:

**Question:** Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

Response: Following discussions between Lowenstein Sandler and the Committee, Lowenstein Sandler has agreed to discount its rates by ten percent (10%). There will be no limitation on Lowenstein Sandler's right to seek reimbursement of all out-of-pocket disbursements and expenses.

**Question:** Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

Response: No.

**Question:** If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition period. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

Response: Lowenstein Sandler did not represent the Committee prior to the Petition Date.

**Question:** Has your client approved your prospective budget and staffing plan and, if so, for what budget period?

Response: Lowenstein Sandler expects to develop a budget and staffing plan to reasonably comply with the U.S. Trustee's request for information and additional disclosures, as to which Lowenstein Sandler reserves all rights. The Committee has approved Lowenstein Sandler's proposed hourly billing rates.

24. Lowenstein Sandler has advised the Committee that it intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines both in connection with this Application

---

Guidelines. Among other things, the U.S. Trustee Guidelines ask attorneys in larger chapter 11 cases to provide additional documentation and make significant new disclosures in connection with their retention under section 327 and compensation under section 330 of the Bankruptcy Code. As the U.S. Trustee Guidelines themselves acknowledge, "the Guidelines do not supersede local rules, court orders, or other controlling authority".

and the interim and final fee applications to be filed by Lowenstein Sandler in the course of its engagement. The Committee understands it is Lowenstein Sandler's intention to work cooperatively with the U.S. Trustee to address the concerns that prompted the EOUST to adopt the U.S. Trustee Guidelines; however, in doing so, Lowenstein Sandler reserves all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines in respect of any application for employment or compensation in the Chapter 11 Case that falls within the ambit of the U.S. Trustee Guidelines.

## **NOTICE**

25. Notice of this Application has been given to (i) the United States Trustee; (ii) counsel for the Debtor; (iii) all ECF filers in the Chapter 11 Case; and (iv) those persons who have requested notice pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

26. No previous application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Committee respectfully requests that this Court enter an Order, substantially in the form submitted herewith, authorizing the Committee to retain and employ Lowenstein Sandler as counsel to the Committee, effective as of December 23, 2024, and grant the Committee such other and further relief as the Court deems just or proper.

DATED December 24, 2024.         **PARSONS BEHLE & LATIMER**

/s/ Brian M. Rothschild
Brian M. Rothschild

*Proposed Attorneys for Office Committee of Unsecured Creditors*

Respectfully submitted,

**The Official Committee of Unsecured Creditors of Vobev, LLC**

*By: /s/ \*David Mammolenti*
David Mammolenti of Belvac Production Machinery, Inc., solely in his capacity as the Chairperson of the Official Committee of Unsecured Creditors and not in his personal capacity
\* with email permission