Brian M. Rothschild (UT Bar No. 252573)
**PARSONS BEHLE & LATIMER**
201 S. Main St. Suite 1800
Salt Lake City, UT 84111
Telephone: (801) 532-1234
Fax : (801) 536-6111
Email: brothschild@parsonsbehle.com

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin (*pro hac vice forthcoming)*
Michael Papandrea (*pro hac vice forthcoming*)
Carolyn Gauvin (*pro hac vice forthcoming*)
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
Email: metkin@lowenstein.com
Email: mpapandrea@lowenstein.com
Email: cgauvin@lowenstein.com
-and-
Bruce S. Nathan  (*pro hac vice forthcoming*)
Daniel B. Besikof (*pro hac vice forthcoming*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 262-6700
E-mail: bnathan@lowenstein.com
E-mail: dbesikof@lowenstein.com

*Proposed Counsel to The Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>Vobev, LLC,<br><br>               Debtor. | Chapter 11<br><br>Case No. 24-26346-JTM |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTOR, VOBEV, LLC, FOR ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of the above-captioned debtor and debtor in possession (collectively, the "Debtor") hereby submits this application (the "Application") for entry of an order pursuant to sections 328 and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the employment and retention of Alvarez & Marsal North America, LLC, together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "A&M"), as financial advisor to the Committee, effective as of December 24, 2024. In support of this Application, the Committee relies on the declaration of Mark Greenberg (the "Greenberg Declaration") incorporated herein by reference, and respectfully states as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Committee confirms its consent to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. The statutory bases for the relief requested herein are Bankruptcy Code sections 328 and 1103 and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

3. On December 9, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Utah (the "Court").

4. The Debtor continues to operate its business as debtor-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No request has been made for the appointment of a trustee or an examiner.

5. On December 19, 2024 (the "Formation Date"), the United States Trustee for the District of Utah (the "U.S. Trustee") appointed the Committee pursuant to Bankruptcy Code section 1102 The Notice of Appointment of Committee of Unsecured Creditors [Docket No. 105] was filed on December 19, 2024.

6. On December 23, 2024, the Committee selected A&M to provide financial advisory services to the Committee.

**RELIEF REQUESTED**

7. By this Application, the Committee requests entry of an order, in the form attached hereto as Exhibit A, pursuant to sections 328 and 1103(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a) approving the employment and retention of A&M as financial advisor to the Committee in these chapter 11 cases.

8. The Committee requests that A&M's retention be approved effective as of December 24, 2024.

9. The Committee is familiar with the professional standing and reputation of A&M. The Committee understands and recognizes that A&M has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent

reputation for services it has rendered in chapter 11 cases on behalf of debtors and creditors throughout the United States.

10. The services of A&M are deemed necessary to enable the Committee to assess and monitor the efforts of the Debtor and its professional advisors to maximize the value of their estates and to reorganize successfully. Further, A&M is well qualified and able to represent the Committee in a cost-effective, efficient, and timely manner.

## SCOPE OF SERVICES

11. The Committee and A&M arrived at a mutual agreement as to the substantial efforts that will be required in this engagement as described herein. Subject to further order of the Court, A&M will provide such advisory services to the Committee and its legal advisors as A&M and the Committee deem appropriate and feasible over course of these chapter 11 cases, including but not limited to the following:

(a) Assist in the assessment and monitoring of cash flow budgets, liquidity and operating results;

(b) Assist in the review of Court disclosures, including the Schedules of Assets and Liabilities, the Statements of Financial Affairs, Monthly Operating Reports, and Periodic Reports;

(c) Assist in the review of the Debtor's cost/benefit evaluations with respect to the assumption or rejection of executory contracts and/or unexpired leases;

(d) Assist in the analysis of any assets and liabilities and any proposed transactions for which Court approval is sought;

(e) Attend meetings with the Debtor, the Debtor's lenders and creditors, the Committee and any other official committees organized in these chapter 11 cases, the U.S. Trustee, other parties in interest, and professionals hired by the same, as requested;

(f) Assist in the review of any tax issues;

(g) Assist in the investigation and pursuit of causes of actions;

(h) Assist in the review of the sales or dispositions of the Debtor's assets;

(i) Assist in the review and/or preparation of information and analysis necessary for the confirmation of a plan in these chapter 11 cases; and

(j) Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary, consistent with the role of a financial advisor and not duplicative of services provided by other professionals in these chapter 11 cases.

12. In order for A&M to perform the services set forth above, it will be necessary for A&M personnel to have access to certain books, records and reports of the Debtor and to have discussions with the Debtor's personnel. Accordingly, the Committee understands that, to the extent A&M is not given the Debtor's cooperation or access to the Debtor's personnel, books and records and other sources of data, A&M's ability to provide the services set forth above will be limited.

13. Because of the limitations in this proposed retention, the depth of A&M's analysis and verification of the data are limited. It is understood by the Committee that A&M is not being requested to perform an audit and that A&M will rely on the accuracy and validity of the data disclosed to A&M or supplied to A&M by, or on behalf of, employees and representatives of the Debtor or the Committee. A&M is not updating, nor is A&M under any obligation to update, data submitted to A&M or reviewing any other areas unless specifically requested by the Committee.

14. The Committee understands that the services to be rendered may include a review and assessment of projections and other forward-looking statements and that numerous factors can affect the actual results of the Debtor's operations, which may materially and adversely differ from those projections and other forward-looking statements.

15. All advice (written or oral) provided by A&M to the Committee in connection with the services provided herein is intended solely for the benefit and use of the Committee.

16. In the provision of services to the Committee, it is expected that the Committee and third parties will provide to A&M certain personally identifiable information or other personal data regarding employees, creditors and other constituents, the processing or transfer of which may be subject to Data Protection Laws. "Data Protection Laws" means all applicable U.S. and foreign national, federal, state and/or local laws, rules, regulations or other binding instruments in relation to the processing or protection of personal data, including, but not limited to, the EU General Data Protection Regulation (GDPR). In furtherance thereof, the Committee acknowledges and agrees: it is expected that such information (and work product containing such information) will be transferred by A&M, on behalf of the Committee, to third parties including other agents and professionals of the Committee acting within this matter (i.e., the Committee's counsel and other advisors) as well as, at the Committee's direction, other constituents in the Debtor's cases, including but not limited to creditors and their representatives as well as any applicable judicial, regulatory or governmental bodies; and, that A&M's transfer of such data directly to third parties (rather than by the Committee to a third party) is for the Committee's convenience and such transfers shall always be deemed to be on the Committee's behalf. Without limiting the foregoing, each party agrees to comply with Data Protection Laws in connection with the services being provided by A&M to the Committee.

17. Because A&M and its professional service provider affiliates and subsidiaries comprise a consulting firm (the "Firm") that serves clients on an international basis in numerous cases, both in and out of court, it is possible that the Firm may have rendered or will

render services to, or have business associations with, other entities or people which had, have or may have relationships with the Committee members or other interested parties. The Firm will not be prevented or restricted by virtue of providing the services to the Committee from providing unrelated services to other entities or individuals, including entities or individuals whose interests may be in competition or conflict with the Committee members, provided the Firm makes appropriate arrangements to ensure that the confidentiality of information is maintained.

## **PROFESSIONAL COMPENSATION**

18. The Committee has agreed to the following compensation, in addition to certain indemnification obligations described below, for the services to be provided by A&M in these chapter 11 cases:

(a) <u>Hourly Rates:</u> A&M will be paid by the Debtor for the services of A&M professionals at the following hourly rates, subject to periodic adjustments:

| | | |
|---|---|---|
| a. | Managing Directors | $1,100 - 1,575 |
| b. | Directors | $850 - $1,100 |
| c. | Associates | $625 - $825 |
| d. | Analysts | $450 - $600 |

(b) <u>Expense Reimbursement:</u> A&M will be reimbursed for reasonable expenses incurred in connection with this engagement such as travel, lodging, third party duplication, messenger and telephone charges; reasonable expenses include any reasonable legal fees incurred for A&M's defense of its retention application and fee applications submitted in these chapter 11 cases, subject to Court approval.

19. The proposed order provides that A&M shall file applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures

set forth in Bankruptcy Code sections 330 and 331, such Bankruptcy Rules as may then be applicable, and any applicable orders and procedures of this Court.

## INDEMNIFICATION PROVISIONS

20. The Committee has agreed that neither A&M nor any of its agents, representatives, members or employees shall have any liability (whether direct or indirect, in contract or tort or otherwise), to the Committee for, or in connection with, the engagement of A&M contemplated hereunder except for any such liability for losses, claims, damages or liabilities incurred by the Committee that are finally judicially determined by the Court to have primarily resulted from the gross negligence or willful misconduct of A&M.

21. As part of the overall compensation payable to A&M, subject to paragraphs 23 and 24 below, the Committee has agreed to request that the Court require the Debtor to indemnify, defend and hold harmless A&M and its affiliates and their respective personnel ("Indemnified Parties") for any claims arising from, related to, or in connection with A&M's engagement and to request that this Court enter an order approving such indemnification obligation.

22. In addition, subject to paragraphs 23 and 24 below, in the event that, at any time whether before or after termination of the engagement or the Agreement, as a result of, or in connection with, A&M's engagement and its personnel's role hereunder, A&M or any Indemnified Party is required to produce any of its personnel (including former employees) for examination, deposition or other written, recorded or oral presentation, or A&M or any of its personnel (including former employees) or any other Indemnified Party is required to produce or otherwise review, compile, submit, duplicate, search for, organize or report on any material within such Indemnified Party's possession or control pursuant to a subpoena or other legal (including administrative) process, the Committee requests that the Court approve the Debtor's obligation to

reimburse the Indemnified Party for its out-of-pocket expenses, including the reasonable fees and expenses of its counsel, and to compensate the Indemnified Party for the time expended by its personnel based on such personnel's then current hourly rate.

23. The Debtor shall have no obligation to indemnify A&M for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from A&M's bad faith, gross negligence or willful misconduct, or (ii) settled prior to a judicial determination as to A&M's bad faith, gross negligence or willful misconduct but determined by this Court, after notice and a hearing pursuant to paragraph 24 below, to be a claim or expense for which A&M is not entitled to receive indemnity under the terms of this Application.

24. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, A&M believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations described above, including, without limitation, the advancement of defense costs, A&M must file an application therefore in this Court, and the Debtor may not pay any such amounts to A&M before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by A&M for indemnification, contribution or reimbursement and not a provision limiting the duration of the Debtor's obligation to indemnify A&M.

25. The Committee respectfully submits that these indemnification provisions are reasonable for financial advisory engagements both out of court and in chapter 11 cases.

Accordingly, as part of this Application, the Committee requests that this Court approve the indemnification provisions.

## NO DUPLICATION OF SERVICES

26. The Committee believes that the services provided by A&M will not duplicate the services that other professionals will be providing to the Committee in these chapter 11 cases. Specifically, A&M will carry out unique functions and will use reasonable efforts to coordinate with the Committee and the other professionals retained in these chapter 11 cases to avoid the unnecessary duplication of services.

## A&M'S RELATIONSHIPS AND CONFLICTS DISCLOSURES

27. The Committee believes that, except as set forth in the Greenberg Declaration, A&M does not represent any other entity having an adverse interest in connection with the chapter 11 cases.

28. Following submission of this Application, A&M will conduct a review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise and to identify any connections A&M may have to the Debtor, its creditors or other parties in interest. If any material facts or relationships are discovered, A&M will disclose such matters to this Court.

29. A&M has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these cases.

## NO PRIOR REQUEST

30. No prior application for the relief requested herein has been made to this or any other court.

## NOTICE

31. Notice of this Application has been given to (i) the United States Trustee; (ii) counsel for the Debtor; (iii) all ECF filers in this Chapter 11 Case; and (iv) those persons who have requested notice pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court enter an order granting the relief requested herein and such other and further relief as the Court deems just and proper.

DATED December 24, 2024.

**PARSONS BEHLE & LATIMER**

/s/ Brian M. Rothschild
Brian M. Rothschild

*Proposed Attorneys for The Official Committee of Unsecured Creditors of Vobev, LLC*

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF VOBEV, LLC**

By: /s/ David Mammolenti
Name: David Mammolenti

Solely in his capacity as Chair of The Official Committee of Unsecured Creditors of Vobev, LLC
*signed with email permission

# Exhibit A

# (Proposed Order)

*Order prepared and submitted by:*
Brian M. Rothschild (UT Bar No. 252573)
**PARSONS BEHLE & LATIMER**
201 S. Main St. Suite 1800
Salt Lake City, UT 84111
Telephone: (801) 532-1234
Fax : (801) 536-6111
Email: brothschild@parsonsbehle.com

*Proposed Counsel to The Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>Vobev, LLC,<br><br>　　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 24-26346-JTM<br><br>**Re: Docket No. \_\_\_\_\_** |

**ORDER AUTHORIZING EMPLOYMENT AND**

**RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS**

**FINANCIAL ADVISOR**

Upon the application (the "Application")[1] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of the above-captioned Debtor and debtor in possession (collectively, the "Debtor"), for entry of an order pursuant to sections 328, and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

employment and retention of Alvarez & Marsal North America, LLC (together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "A&M"), as financial advisor to the Committee, effective as of December 24, 2024; and upon the Greenberg Declaration; and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that A&M does not represent any adverse interest in connection with these cases; and it appearing that the relief requested in the Application is in the best interest of the Committee; it is hereby

ORDERED that:

1. The Application is approved as set forth therein.

2. In accordance with Bankruptcy Code sections 328 and 1103, the Committee shall employ and retain A&M *effective as of* December 24, 2024, as its financial advisor on the terms set forth in the Application without the need for any further action on the part of A&M or the Committee to document such retention.

3. The terms of A&M's engagement, as set forth in the Application, including, without limitation, the compensation provisions and the indemnification provisions, are reasonable terms and conditions of employment and are hereby approved. However, any of the Debtor's obligations to indemnify A&M are subject to the following:

> (a) all requests by A&M for the payment of indemnification as set forth in this Order shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Application and this Order and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall A&M be

indemnified if the Debtor or a representative of the estate, asserts a claim for, and a court determines by final order (which final order is no longer subject to appeal) that such claim arose out of A&M's own bad faith, self-dealing, breach of fiduciary duty, gross negligence or willful misconduct; and

(b) in the event A&M seeks reimbursement from the Debtor for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to this Order, the invoices and supporting time records from such attorneys shall be included in A&M's own applications, both interim and final, and such invoices and time records shall be subject to the United States Trustee's Guidelines for compensation and reimbursement of expenses and the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

4. A&M shall file applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, such Bankruptcy Rules as may then be applicable, and any applicable orders and procedures of this Court.

5. To the extent that there may be any inconsistency between the terms of the Application and this Order, the terms of this Order shall govern.

6. The Committee is authorized to take all actions it deems necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order or A&M's services for the Committee.

###