Mark A. Nickel (14082)
GORDON REES SCULLY MANSUKHANI, LLP
15 West South Temple, Suite 1600
Salt Lake City, UT 84101
Telephone: (801) 204-9989
Facsimile: (385) 282-7590
Email: mnickel@grsm.com

CONNOLLY GALLAGHER LLP
Jeffrey C. Wisler (DE Bar No. 2795)
1201 North Market Street, 20th Floor
Wilmington, DE 19801
Telephone: (302) 757-7300
Facsimile: (302) 658-0380
Email: jwisler@connollygallagher.com

Counsel for Cigna Health and Life Insurance Company

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | Case No. 24-26346 (JTM) |
| Vobev, LLC, | ) | |
| | ) | |
| Debtor. | ) | **Re: Docket No. 58** |

**OBJECTION OF CIGNA TO DEBTOR'S MOTION PURSUANT TO 105, 363 AND 365 OF THE BANKRUPTCY CODE FOR ENTRY OF AN ORDER (I) APPROVING THE BIDDING PROCEDURES, INCLUDING THE DEBTOR'S ENTRY INTO THE STALKING HORSE APA, THE SALE TIMELINE, AND THE FORM AND MANNER OF NOTICE THEREOF; (II) APPROVING THE DEBTOR'S (A) SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS OTHER THAN ASSUMED LIABILITIES AND (B) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO THE SUCCESSFU BIDDER; AND (III) GRANTING RELATED RELIEF**

Cigna Health and Life Insurance Company ("Cigna") hereby objects to the Sale Procedures (defined below) proposed by the *Debtor's Motion Pursuant to 105, 363 and 365 of the Bankruptcy Code for Entry of an Order (I) Approving the Bidding Procedures Including the Debtor's Entry into a Stalking Horse APA, the Sale Timeline, and the Form and Manner of Notice Thereof; (II) Approving the Debtor's (A) Sale of All or Substantially All of the Debtor's*

*Assets Free and Clear of All Liens Other Than Assumed Liabilities and (B) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases to the Successful Bidder; and (III) Granting Related Relief* [Docket No. 58] ("Sale Motion"), and in support thereof, respectfully states as follows:

**BACKGROUND**

1. Cigna and the Debtor are parties to an Administrative Services Contract (Level Funding) and a Stop Loss Policy (jointly, the "Employee Benefits Agreements")[1] that allow the Debtor to be self-insured[2] for its employee healthcare benefits, with Cigna performing administrative functions. Under the Employee Benefits Agreements, Cigna processes medical and pharmaceutical claims of Debtor's employees and the Debtor funds employee healthcare and pharmaceutical claim payments to healthcare providers.

2. Through the Sale Motion, Debtor seeks this Court's approval of procedures ("Sale Procedures") governing the sale of substantially all of their assets ("Sale") to a to-be-determined purchaser ("Purchaser").

3. The Sale Procedures include procedures that will govern the assumption and assignment of certain of Debtor's executory contracts to the Purchaser as part of the Sale. No list of the executory contracts sought to be assumed and assigned pursuant to the Sale is included in the Sale Motion.[3] Instead, the Debtor proposes to provide various notices to Contract Counterparties.[4]

---

[1] Including all amendments, riders, schedules, exhibits, certificates, renewal caveats and disclosures, addendums, letters of intent, and banking agreements related thereto.
[2] Subject to the Stop Loss Policy.
[3] Separate from the Sale Motion, the Debtor also proposes to file a Cure Amounts Motion. The stated purpose of that Motion is to fix cure amounts for contracts that "may" be assumed and assigned as part of the Sale.
[4] Capitalized terms not defined herein have the meaning ascribed to them in the Sale Motion.

4. The Sale Motion proposes that the Debtor will "send" an Assumption Notice with a list of the "Purchased Contracts," the contracts and leases that "a purchaser of all of the Assets may wish to have assigned to it." Sale Motion, ¶¶ 29, 30. The Assumption Notice will provide notice of the <u>potential</u> assumption and assignment of the Purchased Contracts. Supplemental Assumption Notices may be "served" on Contract Counterparties if the Stalking Horse Purchaser or another potential bidder designates additional contracts as Purchased Contracts. Sale Motion, ¶ 30. Importantly, the Sale Motion proposes no date or deadline by which the Debtor will file or serve Assumption Notices. Sale Motion, ¶ 32.

5. The Sale Motion further proposes that, "[a]s soon as reasonably practicable after the completion of the Auction," the Debtor will file a Notice of Successful Bidder, including a list of "the Purchased Contracts the Successful Bidder intends to assume." Sale Motion, ¶ 31. However, neither this list nor the Assumption Notices will provide meaningful notice to Contract Counterparties.

6. Under the proposed Sale Procedures, a contract's listing on any notice shall not obligate the Debtor to assume or assign any Purchased Contracts as part of the Sale. Sale Motion, ¶ 32. Only those contracts that are included on a schedule of contracts "attached to a final asset purchase agreement" will be assumed and assigned as part of the Sale. *Id*. No notice of this "final" list is proposed to be provided. Thus, neither the Assumption Notices nor any other notice will provide Contract Counterparties with definitive notice of their inclusion in or exclusion from the list of the contracts that will actually be assumed and assigned to the Purchaser ("Assigned Contracts").

7. At bottom, the Sale Motion seeks this Court's approval of a process that will give the Debtor *carte blanche* authority with which they can assume and assign any or all of their

3

contracts without meaningful notice to Contract Counterparties prior to the hearing where approval of such assumption and assignment will be sought ("Sale Hearing"), or even prior to Closing.

**OBJECTION**

8. Cigna objects to the proposed Sale Procedures because, *inter alia*, they do not provide for adequate and definitive notice of the proposed disposition of the Employee Benefits Agreements in the context of the Sale.

9. Through the Sale Motion, the Debtor seeks this Court's approval of the assumption and assignment of a subset of the Debtor's executory contracts that will be undefined as of the Sale Hearing, and will remain undefined through Closing. Further, the proposed Sale Procedures would permit the universe of Assigned Contracts to remain fluid throughout the Sale process, and would provide for no meaningful notice of disposition to Contract Counterparties.

10. The process proposed by the Debtor will leave Cigna with no certainty as to the proposed disposition of the Employee Benefits Agreements in the context of the Sale, even after the entry of the Sale Order that will authorize such disposition. This is directly contrary to the letter and spirit of Rule 6006(f)(2) of the Federal Rules of Bankruptcy Procedure.

11. Because the Employee Benefits Agreements provide employee benefits that should not be disrupted without substantial notice, definitive notice of Debtor's intention with regard to the Employee Benefits Agreements must be provided prior to the Sale Hearing, and far in advance of Closing.

12. The proposed Sale Procedures should be altered to provide that written, irrevocable (subject to Closing of the Sale) notice of the proposed disposition of the Employee Benefits Agreements must be provided to Cigna and its undersigned counsel at least five (5)

business days prior to the Sale Hearing.[5] This requirement is neither difficult nor onerous: under the proposed Sale Procedures, Qualified Bids must "identify with particularity each and every contract" that the Bidder seeks to have assigned as part of the Sale. Sale Motion, p. 13. The Sale Procedures should be further altered to provide that Cure Notices be filed with the Court, not just "sent" or "served."

WHEREFORE, Cigna respectfully requests that this Court enter an order that: (i) denies the approval of the proposed Sale Procedures except as consistent with the foregoing; and (ii) grants Cigna such additional relief as this Court deems just and equitable.

Dated: January 2, 2025  GORDON REES SCULLY MANSUKHANI, LLP

/s/ Mark A. Nickel
Mark A. Nickel (14082)
15 West South Temple, Suite 1600
Salt Lake City, UT 84101
Telephone: (801) 204-9989
Facsimile: (385) 282-7590
Email: mnickel@grsm.com

CONNOLLY GALLAGHER LLP (PRO HAC VICE)
Jeffrey C. Wisler (DE Bar No. 2795)
1201 North Market Street, 20th Floor
Wilmington, DE 19801
Telephone: (302) 757-7300
Facsimile: (302) 658-0380
Email: jwisler@connollygallagher.com

#05852464  Counsel for Cigna Health and Life Insurance Company

---

[5] To be clear, Cigna does not seek to compel the assumption and assignment of the Employee Benefits Agreements as part of the Sale. Rather, Cigna seeks adequate notice as to whether the Employee Benefits Agreements will or will not be assumed and assigned as part of the Sale.

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of January, 2025, a copy of the foregoing **OBJECTION OF CIGNA** was filed electronically with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will send an electronic copy of this filing to all counsel of record.

*/s/ Serita Gomez*
